# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MANETIONY CLERVRAIN, <u>ET AL.</u>,** | |
| Plaintiffs, | |
| v. | **CIVIL NO. 22-1194 (PAD)** |
| **ROBERT F. ROSSITER, JR., <u>ET AL.</u>,** | |
| Defendants. | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Manetiony Clervrain *pro se* filed a "Complaint for Violation of Civil Rights" against the Hon. Robert F. Rossiter, Jr, Chief United States District Judge, and 70 other persons, including various U.S. District Judges, seeking $107,300,000,000.00 in damages (Docket Nos. 2 and 2-1).[1] With the Complaint, he filed an "Application to Proceed in District Court Without Prepaying Fees or Costs" (Docket No. 1). Because authorization is sought to proceed *in forma pauperis* (IFP), the Complaint is subject to *sua sponte* review and dismissal if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u>, 28 U.S.C. §§ 1915(e)(2)(B)(setting forth dismissal criteria). For the reasons explained below, all three are true here. In consequence, the Complaint must be, and is hereby, DISMISSED.

## I.   INTRODUCTION

Mr. Clervrain is a native and citizen of Haiti. <u>See</u>, <u>Clervrain</u> v. <u>Porrino</u>, 2021 WL

---

[1] Although in the caption of the Complaint Mr. Clervrain includes 71 individuals as defendants, in the description section of the complaint, he names as defendants Robert F. Rossiter Jr., Chief United States District Jude, Landya B. McCafferty, Chief United States District Judge, Ronald A. White, Chief United States District Judge, and Francisco Parés-Alicea, Puerto Rico's Secretary of the Treasury (Docket No. 2, pp. 2-3).

4129481, *1 (D.N. J. Sept. 8, 2021)(describing Clervrain's background). He was admitted to the United States as a permanent resident in 1997. Id. He applied for naturalization while living in Florida, but his application was denied due to poor moral character based on two prior convictions of third-degree felonies. Id. On September 11, 2011, he was convicted of conspiracy to commit mail and wire fraud, and of conspiracy to commit wire and bank fraud. Id. He was sentenced to 108 months of imprisonment with the Bureau of Prisons and released on August 29, 2018. Id.

During Mr. Clervrain's imprisonment, the United States Department of Homeland Security initiated "removal proceedings" against him on April 2, 2019, supported by a conviction for aggravated felony. Porrino, 2021 WL 4129481, at *1. As one court recognized, however, it is "nearly impossible" to determine Mr. Clervrain's status from his filings. Clervrain v. Edwards, 2022 WL 636048, *1 n. 6 (M.D. La. Feb. 11, 2022) *report and recommendation adopted* 2022 WL 628537, *1 (M.D. La. Mar. 3, 2022). Currently, he is using a mailing address of 4326 S. Scatterfield Rd. Suite 153, Anderson IN 46013 (Docket No. 2, p. 2), which according to the court in Edwards, appears to be the address of a "UPS store in Anderson." Edwards, 2022 WL 636048, at *1 n. 6.

Mr. Clervrain is "a frequent litigant" in federal courts across the country. Clervain v. Hosemann, 2021 WL 5411545, *1 (N.D. Miss. Oct. 28, 2021), *report and recommendation adopted* 2021 WL 5406038, *1 (N.D. Miss. Nov. 18, 2021). By one account, he has filed "over 216 actions in federal district courts in 39 states, spanning from Alaska to Florida and Hawaii to Maine." Clervrain et al. v. Nunez, 2022 WL 1157735, *2 (M.D. Fla. Mar. 31, 2022), *report and recommendation adopted* 2022 WL 1155239, *1 (Apr. 19, 2022). Most of those cases "have been dismissed as frivolous or for failure to state a claim upon which relief may be granted."

Clervrain v. Cuccinelli, 2020 WL 6702003, *1 (W.D. Wis. Nov. 13, 2020); Edwards, 2022 WL 636048, *1 (M.D. La. Feb. 11, 2022)("The decisions dismissing [p]laintiff's claims under 28 U.S.C. § 1915 as legally frivolous and/or for failure to state a claim upon which relief may be granted are legion").

Courts have characterized Mr. Clervrain's filings as "incomprehensible," Clervrain v. Raimondo, 2021 WL 149073, *1 (D.R.I. Jan. 15, 2021) *report and recommendation adopted* 2021 WL 1531464, *1 (D.R.I. Apr. 19, 2021); "indecipherable," Clervrain v. Pompeo, 2020 WL 7714613, *1 (E.D. Mo. Dec. 28, 2020); "unbridled gibberish," Clervain v. Shafer, 2022 WK, 604896, *1 (S.D. Ga. Jan. 6, 2022); and "jabberwocky," Clervrain v. Wilson, 2020 WL 1977392, *2 (W.D. Ark. Apr. 24, 2020). One court accused Mr. Clervrain of attempting to "bamboozle the court." Clervrain v. Washington, 2020 WL 7318096, *2 (S.D. Ohio Dec. 11, 2020). His efforts have led to sanctions for "frivolous" filing. Clervrain v. McMaster, 2021 WL 2582216, *2 (D.S.C. June 23, 2021). Further, the United States District Court for the Southern District of Indiana imposed a filing ban on him, citing Mr. Clervrain's "vexatious" litigation. Clervrain, et al. v. Dimon, et al., 2021 WL 6551107, *1 (S.D. Ind. Dec. 27, 2021).

## II. PROCEDURAL DEVELOPMENTS

Here, Mr. Clervrain filed a complaint, a civil docket sheet, an application to proceed IFP, an appearing counsel form, and eight motions. The Complaint was mailed from Anderson, Indiana, to this court on April 16, 2022 (Docket No. 1-1). Upon receipt in the Clerk's Office, the Clerk docketed it on April 25, 2022 (Docket No. 2). The document is signed by Mr. Clervrain as party without an attorney (id., p. 13) and as attorney for himself. Id. The caption includes as plaintiffs, Mr. Clervrain, Thomas Fabrice, Max Jean Baptiste, Wideline Veillard, Boznai Romelus, Lonica C. Casy, Joanne Deborah Jean Delva, Baptiste Jean Louis, and in a parenthetical,

"Brandako, Inc." Id. at 1.² Yet, only Mr. Clervrain is identified as plaintiff in the descriptive section of the Complaint (id., p. 2), and only he signs it. Id. at 13.³

The Civil Docket Sheet shows Mr. Clervrain appearing on behalf of a "Protected Class" (Docket No. 2-1, p. 1). As a non-lawyer, *pro se* litigant, Clervrain lacks the "authority and competency" to pursue claims of behalf of a class *pro se*. Edwards, 2022 WL 628537, at *5, n. 41. Individuals appearing *pro se* "cannot adequately represent and protect the interests of a Rule 23 class." Raimondo, 2021 WL 149073 at *2 n. 6. Thus, Mr. Clervrain may not proceed on behalf of or make claims for any person other than himself.

Mr. Clervrain submitted the application to proceed IFP on behalf of Fabrice Thomas, who, as stated in the application, is employed by a Ministry in Port-au-Prince, Haiti (Docket No. 1, pp. 1-2).⁴ This, together with a counsel appearance form that Mr. Clervain signs, representing that he is admitted or otherwise authorized to practice in this court, and is authorized to litigate on his own behalf (Docket No. 3). Mr. Clervrain, however, is not admitted to practice law in this court and cannot represent anybody but himself.

Fabrice Thomas purportedly signed a "General Power of Attorney for Immediate Family and Members and Friends" (Docket No. 3-1), appointing Mr. Clervrain as "attorney-in-fact" to litigate Thomas' rights in the United States. Id. at 2. Without commenting on the sufficiency of the power of attorney, a power of attorney does not grant individuals the right to practice law

---

² Brandako, Inc. appears to be a "registered corporation of the State of Indiana." Clervrain v. Jeffreys, 2022 WL 912029, *2 (S.D. Ill. Mar. 29, 2022). Mr. Clervrain is listed as the registered agent of the corporation. Id.

³ Fed.R.Civ.P. 11 provides that "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented." As only Mr. Clervrain signed the Complaint, the court will only review the Complaint as to him.

⁴ The signature next to Fabrice Thomas' name resembles Clervrain's signature. Compare, the signature at Docket No. 1, p. 2, with, the signature at Docket No. 3, p. 1.

before this court. See, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein"); Local Rule 83A(d)(1)("Except as otherwise provided by these rules, only members of the bar of this court shall practice in this court"); Local Rule 83A(a)(describing eligibility requirements for admission to the court's bar); and Local Rule 83A(f)(describing requirements for admission *pro hac vice*). None of these provisions authorize admissions by way of a power of attorney.

Mr. Clervrain filed a "Motion for Mitigating Financial Burden or ('IFP') Constitutional Issues by Massive Issues ('Right Aggravated') Treatment Act" (Docket No. 4), from which it is apparent that he, too, is seeking leave to proceed without prepaying required fees. Id. (affirming under penalty of perjury that because of his poverty, Mr. Chervrain cannot prepay the docket fees or post bond (id., p. 1), noting that he has no income apart from his spouse's monthly income of $2,320.00 (id., p. 18), and reporting $2,797.07 in monthly expenses (id., p. 21)). Even so, the court need not evaluate the motion any further because, given that the case does not survive preliminary screening under 28 U.S.C. § 1915(e)(2)(B), the court will deny the motion as moot. See, Clervrain v. Hoseman, 2021 WL 5416038, *2 (N.D. Miss. Nov. 18, 2021)(denying as moot application to proceed IFP in light of dismissal of case for failure to assert a claim on which relief may be granted or over which court had subject matter jurisdiction); Raimondo, 2021 WL 1531464, at *1 (similar, in case dismissed for failure to state a claim and as frivolous).

Turning to the remaining motions, these are a "Motion for ['The Answer Act'] ('TAA') or ['Additional Defendants'] Act ('ADA') by the Treaties Movement Protective Act ('TMPA')" (Docket No. 5); a "Motion for 'Humanitarian Reasons' or Assure Family Unity in the Public Interest by National Treatment Principal Act ('NTPA')" (Docket No. 6); a Motion for

['Oppinion(s) Act'] ('MA') or ['Freedom Act'] ('FA') or Page Limitation, Extension Must be Granted to be Enforced by Laws " (Docket No. 7); a "Motion for ['Service of Process'] or ['Duty to Mitigating Act'] by Invoking the ['Negligence of Officials'] Secretive Act ('SOSSA')" (Docket No. 8); a "Motion for Settlement Agreement(s) Against Secretive Criminals by Invoking the National Regulatory Treatises Act ('NIRTA')" (Docket No. 9); a "Motion for ['Manifest Injustice Act'] ('MIA') or ['Electronic Filing Act'] Opposition(s) by Secure Academic Resources Technology Act ('SARTA')" (Docket No. 10); and a "Motion for ['Opposition(s)'] or ['Criminal Intent(s)'] and/or ['Malicious Against Freedom of Speech(s), by the ANT(s) Freedom Act ('TAFA')" (Docket No. 11)(brackets in original). All of the motions are disposed of below.

### III. STANDARD OF REVIEW

The pleadings are measured by well settled standards. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In turn, a complaint fails to state a claim when it lacks "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Facial plausibility is present when the plaintiff pleads sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678. The standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id.

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. Iqbal, 556 U.S. at 678. Nor would it suffice if it tendered naked assertions devoid of further factual enhancement. Id. A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But to survive dismissal, it must comply with these requirements. See, Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980)(that a liberal

standard applies to pleadings of *pro se* plaintiffs does not mean those plaintiffs are not required to plead basic facts sufficient to state a claim).

## IV.     ANALYSIS

Mr. Clervrain alleges that defendants are involved in an "extended conspiracy" (Docket No. 2, p. 5), but does not describe the factual link of any of the named defendants to the allegation. Likewise, he refers to mass incarceration, mass deportation, market manipulation, racketeering, crimes of apartheid, crimes against humanity, genocide, torture, cancer, and extortion without providing the court with specific factual content for the allegations (Docket No. 4. pp. 2-4). Often, his words do not form coherent sentences or convey clear thoughts. And he fails to describe how any of the named defendants participated in any of those activities. The allegations do not support any viable claim for relief.

Mr. Clervrain invokes a number of "Acts," none of which exists, such as the "Ant(s) Nationality Act" ("TANA") (Docket No. 2, pp. 5, 12); the "Market Issues Manipulating Act" ("MIMA")(id., p. 6); the "National Regulatory Treaties Act" ("NIRTA") (id., pp. 7, 9); "The Ant Library Act" ("TALA") (id., pp. 7, 12); "The Answer Act" ("TAA") (id., p. 9); "The Treaties Movement Protective Act" ("TMPA") (id.); and the "Additional Defendant's Act" ("ADA") (id.).[5] Moreover, he brought into the lawsuit judicial officers who are entitled to immunity, without even an inkling that they were acting in any other way than in fulfillment of

---

[5] Mr. Clervrain did so as well in other cases. See, Clervrain v. Schimel, 2020 WL 5073942, *1 (E.D. Mo. Aug. 27, 2020 (seeking relief under the "Treatment Act," the "Reform Act," and the "Fear Liability Act"); Edwards, 2022 WL 636048, at *1 (invoking the "Movement(s) on Crimes Mitigating Act ('MOCMA')," the "Their Expertise Act ('TEA')," and the "National Issues Regulatory Treatises Act ('NIRTA')"); Porrino, 2021 WL 4129481, *2 (referring to the "Ant Movement Act," the "Universal Nationality Character Act," and the "Nations Union Development Academic Treaties Act"). While Clervrain also references actual federal statutes such as the Racketeers Influenced and Corrupt Organizations Act and the Securities Act of 1933 (Docket No. 2, p. 11), he failed to provide a factual basis to sustain a claim against any of the defendants under those statutes.

their obligation to decide cases brought before them. See, Forrester v. White, 484 U.S. 219, 227 (1988)(judicial immunity protects "the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court").

Against this backdrop, affording the pleadings a liberal construction, the case is nonetheless frivolous, fails to state a claim, and looks for monetary relief against judicial officers who are protected against that type of relief. As evidenced by the multitude of similar claims by Clervrain that have been dismissed by courts throughout the country, any amendment would be futile. See, Jeffreys, 2022 WL 912029, at *8 (noting futility of amendment under those circumstances); Nunez, 2022 WL 1157735, at *2 (similar). And given this disposition, all of the remaining motions will be denied as moot. See, Clervrain v. Duran, 2021 WL 3674783, *5 (D.N.M. Aug. 19, 2021)(so denying pending motions in light of dismissal); Edwards, 2022 WL 628537, at *5 (same).

## V.    CONCLUSION

In view of the foregoing, the case is DISMISSED. The motions at Docket Nos. 1 and 4-11 are DENIED as MOOT. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of May, 2022.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge